```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA

                             AT CHARLESTON


JAMES COLEMAN and LARRY KIMBRO and
CARL MOTEN and ADELLE NEWBELL and
PHILLIP SCHULTE and NAOMI TACKETT and
DAVID TAMPLIN and CAROLYN TURNER and
PATRICIA WARD and TERRY WHITE and
BRIAN and CYNTHIA WRIGHT, husband and wife,
all of whom are residents
of the State of West Virginia,

          Plaintiffs,


v.                                          Civil Action No. 2:11-0366


UNION CARBIDE CORPORATION, a Delaware
corporation, having its principal place
of business  in the State of West Virginia and
THE DOW CHEMICAL COMPANY, a Delaware
corporation, with its principal place of
business in Michigan, and EMC ALLOY, L.P.
f/k/a ELKEM METALS COMPANY -- ALLOY, L.P., a
Norwegian corporation, having its principal
offices in the State of Pennsylvania, and
GLOBE SPECIALTY METALS, INC., a Delaware
corporation, having its principal place
of business in the State of New York, and
GLOBE METALLURGICAL, INC., a Delaware corporation,
having its principal place of business in
the State of Ohio, and WEST VIRGINIA ALLOYS, INC.,
a Delaware corporation, having its principal
place of business in the State of West Virginia, and
WVA MANUFACTURING LLC, a Delaware corporation,
having its principal place of business in the
State of West Virginia,

          Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' expedited motion (1) to modify the October 5, 2012, scheduling order, and (2) to compel the deposition of Steven Cole ("expedited motion"), filed October 31, 2012.

The defendants seek an order permitting them leave to depose one of the plaintiffs' experts, Greg Haunschild[1], before the deadline set for the defendants' counter-expert reports. The Agreed Scheduling Order entered December 30, 2011, provided a 30-day interval between the plaintiffs' deadline -- August 10, 2012 -- and defendants' deadline -- September 10, 2012 -- for their respective expert witness disclosures.

This approach resulted in a sufficient interval within which the defendants could depose any expert witnesses disclosed by the plaintiffs prior to the defendants tendering their own disclosures. The interval also served the interests of both time and economy inasmuch as it would allow the defendants to retain an expert on a certain point only after determining if they deemed one

---

[1] Mr. Haunschild entered the case on October 26, 2012, after the court granted the plaintiffs' motion to substitute him as their air modeling expert in the place of Steven Cole, who ostensibly was unable to serve his supplemental expert report by the October 19, 2012, deadline previously imposed by the court.

to be necessary in light of the opinions expressed by the plaintiffs' expert on that point.

On August 8, 2012, the court extended the aforementioned expert disclosure deadlines by two weeks, preserving the potential for both time and cost savings.  On October 5, 2012, the court allowed the plaintiffs until October 19, 2012, to serve their supplemental expert report of Mr. Cole long after the August 24, 2012, extended plaintiff-expert-disclosure deadline set by the August 8, 2012, order.  The defendants were correspondingly given leave until November 2, 2012, a very compressed interval indeed, to file their counter-expert reports.

The defendants appear to have thereafter exercised due diligence to depose Mr. Cole, and then his successor, Mr. Haunschild, on or before their November 2, 2012, expert disclosure deadline. Their inability to do so appears to have been caused primarily by the unavailability of one of the plaintiffs' lawyers, J. Paul Gignac. The defendants are hampered as well by the apparent failure of both Mr. Haunschild and the plaintiffs' counsel to provide sufficient detail respecting the steps that Mr. Haunschild took to arrive at his opinions in this action.  The plaintiffs' crystallized opposition to the defendants' request for relief appears below:

> This Court should deny Defendants' motion because granting it would: (1) require the Court to redo the entire schedule yet again to address the substantial prejudice against

> **Plaintiffs, who need sufficient time to prepare their class certification motion by November 30, 2012; (2) impose additional and unnecessary expenses on Plaintiffs to make two separate cross-country trips when Defendants conceded in two separate emails that they already are available to take Mr. Haunschild's deposition on November 13; and (3) require Plaintiffs to depose Defendants' counter expert during Thanksgiving week if Plaintiffs do not receive Defendants' expert designation until after November 13, as Defendants propose.**

(Pls.' Resp. at 4).

The plaintiffs appear to desire two full weeks to prepare and file their class certification motion following the completion of class certification discovery. The October 5, 2012, order set the conclusion of class certification discovery at November 16, 2012, with any motion seeking class certification to be filed no later than November 30, 2012. Any response and reply are to be filed no later than December 20, 2012, and January 11, 2013, respectively.

The defendants have demonstrated good cause for modification of the scheduling order. There is no indication that they have acted other than diligently in attempting to ascertain the opinions of the plaintiffs' experts, exhibited most recently by their rapid pivot to adhere to the schedule despite the late substitution of Mr. Haunschild for Mr. Cole.

Respecting the defendants' requested deposition of Mr. Cole, the plaintiffs do not contest that Mr. Cole collaborated with some of the plaintiffs' other experts and that those experts relied,

4

and that they apparently continue to rely, upon Mr. Cole concerning some of their opinions. Mr. Cole may also need to be questioned in the event that Mr. Haunschild relied upon any of Mr. Cole's data or opinions in the course of Mr. Haunschild rapidly arriving at his opinions in October.

It is thus a sensible request that Mr. Cole appear for deposition in Charleston, West Virginia, according to the same schedule set for Mr. Haunschild. It is, accordingly, ORDERED that the schedule be, and it hereby is, modified as follows:

| | |
|---|---|
| The date by which the depositions of Mr. Haunschild and Mr. Cole are to be completed. | 11/13/2012 |
| The date by which the defendants' expert disclosures must be served. | 11/15/2012 |
| The date by which the defendants' counter-expert, if any, must be deposed. | 11/21/2012 |
| Filing of motion for class certification. | 12/02/2012 |
| Response regarding class certification. | 12/21/2012 |
| Reply regarding class certification. | 01/14/2013 |

Based upon the foregoing discussion, it is ORDERED that the expedited motion be, and it hereby is, granted. It is additionally ORDERED that the plaintiffs be, and they hereby are, directed to disclose to the defendants all discoverable information in the files of both Mr. Haunschild and Mr. Cole no later than three days prior to their respective depositions.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

                    DATED: November 8, 2012

                    John T. Copenhaver, Jr.
                    United States District Judge